**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PENOVIA LLC, | ) | Civil Action No. 2:14-CV-172-JRG |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| CREATIVE LABS, INC., | ) | |
| Defendant | ) | |

## DEFENDANT CREATIVE LABS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES

Defendant Creative Labs, Inc. ("Creative") by and through its counsel of record, hereby files this Answer and Affirmative Defenses to Plaintiff Penovia LLC's ("Penovia") Complaint for Patent Infringement ("Complaint"), and states as follows:

## PARTIES

1. Creative lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and on that basis denies them.

2. Creative admits that Creative Labs, Inc. is a California corporation with its principal place of business at 1901 McCarthy Blvd., Milpitas, California 95035.

## JURISDICTION AND VENUE

3. Creative admits that the Complaint purports to state a cause of action under the Patent Act, 35 U.S.C. § 1 et. seq.; however, Creative lacks sufficient information to admit or deny that the Complaint properly states a claim and, accordingly, denies that it does.

4. Creative admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  Creative only admits that it has conducted business in this forum. Creative otherwise denies the remaining allegations of Paragraph 5.

6.  Creative admits that venue lies in this District under §§ 1391 (b), (c) and 1400(b); however, Creative denies that this venue is appropriate or more convenient than the Northern District of California.

## THE PATENT-IN-SUIT

7.  Creative admits only that a document purporting to be a copy of Patent No. 5,822,221 ("the '221 patent") is attached as Exhibit A to the Complaint, the face of which shows the title "Office Machine Monitoring Device". Creative otherwise denies the remaining allegations of Paragraph 7.

8.  Creative lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies such allegations.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,822,221

9.  Creative repeats and incorporates by reference herein its responses to paragraphs 1 through 8 above.

10.  Creative denies the allegations of paragraph 10 of the Complaint.

11.  Creative denies the allegations of paragraph 11 of the Complaint.

## DEMAND FOR JURY TRIAL

Creative admits that Penovia has demanded a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Creative denies that Penovia is entitled to any of the relief it has requested in its Prayer for Relief or any relief whatsoever because:

A. Penovia is not entitled adjudication that Creative has infringed the '221 patent because Creative does not infringe the '221 patent, and has not willfully infringed that patent;

B. Penovia shall not be entitled to any damages or any other relief from Creative;

C. Penovia shall not be entitled to a judgment that the above-captioned matter is an exceptional case, and shall not be entitled to attorneys' fees;

D. No other and further relief is just and proper under the circumstances since Creative does not infringe.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Creative asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The Complaint fails to state a claim upon which relief may be granted and/or fails to plead the allegations with sufficient particularity.

## SECOND AFFIRMATIVE DEFENSE

### (Noninfringement)

2. Creative has not infringed directly or indirectly (either individually or jointly), literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid, enforceable claims of the '221 Patent. Creative is not and has not willfully infringed any valid, enforceable claims of the '221 Patent.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

3. The asserted claims of the '221 Patent are invalid and/or void because they are anticipated by the prior art or otherwise fail to comply with the requirements of 35 U.S.C. § 100 *et seq.*, including one or more of the following: 35 U.S.C. § 101, 102, 103, and 112.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver and/or Equitable Estoppel)

4. Penovia's claims are barred in whole or in part by the equitable doctrines of unclean hands, laches, estoppel, implied license, *in pari delicto*, waiver, acquiescence, and/or other equitable doctrines.

## FIFTH AFFIRMATIVE DEFENSE

### (Patent Marking and Notice)

5. Penovia's claims for damages, if any, are limited to the extent that Penovia or its predecessor in interest failed to mark its products, provide notice, or otherwise meet the requirements of 35 U.S.C. § 287, and Creative is not liable for any acts alleged to have occurred before Creative had actual notice of the '221 Patent and the allegations in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

6. Creative has engaged in all relevant activities in good faith, thereby precluding Penovia, even if it prevails, from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

## SEVENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

7. By reason of the prior art and/or statements and representations made to and by the USPTO during the prosecution of the applications that led to the issuance of the '221 Patent, this patent is so limited that none of its claims may be properly construed as covering any activity of Creative.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

8. Penovia's claims for damages are limited by 35 U.S.C. § 286, which prohibits recovery for any infringement committed more than six years before the filing of the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Expired Patent)

9. The '221 Patent is expired for failure to pay maintenance fees and Plaintiff is barred from seeking damages or any other relief beyond the expiration date of the '221 Patent.

## OTHER DEFENSES RESERVED

10. Creative reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this case, including, but not limited to unenforceability due to inequitable conduct.

## CREATIVE'S DEMAND FOR A JURY TRIAL

Creative requests a trial by jury, under Rule 38 of the Federal Rules of Civil

Procedure, for all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Creative prays for relief as follows:

a. That the Court enter judgment in favor of Creative, and against Plaintiff;

b. That the Court find the patent-in-suit not infringed by Creative;

c. That the Court find the patent-in-suit invalid;

d. That the Court find the patent-in-suit unenforceable;

e. That Plaintiff take nothing by its Complaint against Creative;

f. That the Court find this case exceptional under 35 U.S.C. § 285, and award

Creative its costs and fees in this action, including reasonable attorneys' fees and pre-

judgment interest thereon; and

g. That the Court grant Creative such other and further relief as it deems just and

proper.

Dated:  May 22, 2014

By: */s/ Russell N. Swerdon*
Russell N. Swerdon
State Bar No. 106397 (CA)
Creative Labs Legal Department
1901 McCarthy Blvd
Milpitas, CA 95035
Telephone 408-546-6417
Facsimile: 408-428-6699
Email: Russ_swerdon@Creativelabs.com

*Counsel for Defendant Creative Labs, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on May 22, 2014 all counsel of record were served with the foregoing document via the Court's electronic filing system.


<u>*/s/ Russell N. Swerdon*</u>
Russell N. Swerdon